United States District Court
For the Southern District of Ohio
Western Division at Dayton

| | |
|---|---|
| United States of America | Case No. 3:19-CR-147 |
| Plaintiff | |
| -vs- | |
| Dave Donshe Fultz | |
| Defendant | |

---

ORDER DENYING MOTION TO RECONSIDER BOND (DOC. 42)

---

## INTRODUCTION

On March 24, 2020, Defendant David Donshe Fultz, by and through counsel, filed a Motion to Reconsider Bond (Doc. 42), requesting that he be released from detention pending disposition in light of the COVID-19 pandemic sweeping across the country and globe. The Government opposes Defendant's motion. Upon agreement of counsel, the Court conducted a telephonic hearing on Defendant's motion on March 31, 2020. Present by telephone was Attorney K. George Kordalis, representing Defendant, and Assistant United States Attorney Amy Smith, representing Government.

## BACKGROUND

On March 29, 2019, the Government filed a criminal complaint against Defendant, alleging that there was probable cause to believe the Defendant was conspiring to possess and distribute fentanyl as well as methamphetamine in violation of 21 U.S.C. 841 (b)(1)(B). (Doc. 1). Upon the finding of probable cause, Magistrate Judge Ovington issues an arrest warrant the same day. (Doc. 2) Defendant was arrested and had his initial appearance before Magistrate Judge Michael Newman on April 10, 2019. At said hearing, the Magistrate Judge found that no combination of conditions of release would reasonably assure the safety of any other person and the community and that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required.

Defendant's March 24, 2020 Motion to Reconsider Bond asks for release from detention because of corona virus and the danger of contracting it while incarcerated. In support the Defendant asserted that he had recently required medical attention due to a broken ankle that was at first not mending for lack of adequate treatment. However, at said hearing, Defendant's counsel disclosed that Defendant's medical condition has been addressed.

As concerning the COVID-19 pandemic, however, a motion for a detention hearing must, in the first instance, be an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. 3142: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) and the history and characteristics of the person ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## CONCLUSION

Based on the evidence on the record presented, the Court concludes that the Magistrate Judge's initial assessments of the Defendant was correct. Defendant has been found guilty of a serious crime. The Defendant's medical concern has resolved and there appears to be nothing in the record to substantiate that he is in any way a high risk individual with respect to the COVID-19 virus such that he should be considered immediately for release. For these reasons, the Court DENIES Defendant's Motion to Reconsider Bond (Doc. 42).

IT IS SO ORDERED.

Date: April 8, 2020                              *s/Thomas M. Rose

                                                 Thomas M. Rose, Judge
                                                 United States District Court