# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:19-cr-147 |
| v. | : | Judge Thomas M. Rose |
| DAVID DONSHE FULTZ, | : | |
| Defendant. | : | |

**ENTRY AND ORDER STRIKING DEFENDANT DAVID DONSHE FULTZ'S *PRO SE* "EMERGENCY MOTION REQUESTING HOME CONFINEMENT AND/OR A REDUCTION IN SENTENCE PURSUANT TO THE FIRST STEP ACT AND THE 'CARES ACT AND 18, U.S.C. § 3582(c)(1)(A)(i) AND 18 U.S.C. § 3231, 28 U.S.C. § 1331 AND 28 U.S.C. § 1651" (DOC. NO. 69)**

On January 25, 2022, the Court appointed Matthew M. Suellentrop, Esq. ("Suellentrop") to represent David Donshe Fultz ("Fultz") in this matter, pursuant to S.D. of Ohio Amended General Order 20-21, following the *pro se* filing by Fultz of a motion for compassionate release. (Doc. No. 67 (Order Appointing Counsel).) On February 7, 2022, Suellentrop requested additional time to file a supplement to Fultz's Motion for Compassionate Release (Doc. No. 66) in order to obtain additional information. (Doc. No. 68.) The Court granted that Motion on February 7, 2022 and gave Fultz until March 23, 2022 to file the supplement. Subsequently, on February 9, 2022, Fultz himself, *pro se*, filed a "Emergency Motion Requesting Home Confinement and/or a Reduction in Sentence Pursuant to the First Step Act and the 'Cares Act and 18, U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3231, 28 U.S.C. § 1331 AND 28 U.S.C. § 1651." ("Emergency Motion") (Doc. No. 69.) However, the Court prohibits hybrid representation.

*United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987) ("the question whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court"); *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) ("[h]ybrid representation is generally prohibited"); *United States v. Baker*, No. 3:17-cr-59, 2020 U.S. Dist. LEXIS 194649, 2020 WL 6143684, at *5 (S.D. Ohio Oct. 20, 2020) (example of this "Court's prohibition on hybrid representation"); *see also United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001) (hybrid representation is forbidden); *United States v. Montgomery*, 592 F. App'x 411, 415-16 (6th Cir. 2014) (striking briefs submitted by defendant *pro se*, ruling that only the brief filed by defendant's counsel would be considered, and explaining that "we generally do not consider additional arguments raised by a *pro se* defendant when that defendant is represented by counsel").

Mr. Suellentrop remains Fultz's counsel for purposes of his pursuit of compassionate release and he is welcome to use any components of the "Emergency Motion" he deems probative. The *pro se* "Emergency Motion" constitutes attempted hybrid representation, which is prohibited. Therefore, the Court **STRIKES** the *pro se* "Emergency Motion Requesting Home Confinement and/or a Reduction in Sentence Pursuant to the First Step Act and the 'Cares Act and 18, U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3231, 28 U.S.C. § 1331 AND 28 U.S.C. § 1651" (Doc. No. 69).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 10, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE