**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-147 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DAVID DONSHE FULTZ, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE (DOC. NO. 66)**

---

This case is before the Court on the Motion for Compassionate Release (the "Motion") (Doc. No. 66), filed by David Donshe Fultz ("Fultz"). Fultz is currently incarcerated at McDowell FCI in West Virginia. Fultz asks this Court for a compassionate release from his term of imprisonment or, in the alternative, a release from custody to serve the remainder of his sentence on home incarceration. (Doc. No. 72 at PageID 285.) More specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (Doc. No. 72 at PageID 287.) For the reasons discussed below, the Court **DENIES** Fultz's Motion.

## I.     BACKGROUND

On October 1, 2019, the Government filed an Information alleging that Fultz conspired "to knowingly and intentionally possess with intent to distribute and distribute in excess of 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. . . in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iv)." (Doc. No. 23.) On February 21, 2020, pursuant to a plea

1

agreement, Fultz pleaded guilty to the offenses charged in the Information.  (*See* Doc. No. 39.)

The Statement of Facts attached to the Plea Agreement, signed by Fultz and his attorney, states:

> On or about June 18, 2018, in the Southern District of Ohio, defendant David Donshe Fultz ("Fultz") did intentionally conspire with others to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.
>
> On June 18, 2018, law enforcement executed a valid search warrant for 5l0l Weddington Drive in Trotwood, Ohio.  At that time, Fultz owned and resided at the 5l0l Weddington Drive residence.  Upon execution of the search warrant, law enforcement located suspected narcotics and items associated with drug trafficking offenses including multiple cellular phones, plastic baggies, scales, a money counter, breathing mask, a vacuum sealer food saver machine with bags, and $1,215 in United States currency.
>
> The suspected narcotics were seized and submitted to the Miami Valley Regional Crime Laboratory for testing.  Test results showed the items to be 4,407.53 grams of fentanyl, 266.5 grams of heroin, and 492.7 grams of ketamine.
>
> On January 23, 2019, Oklahoma State Highway Patrol conducted a lawful stop of a rental van.  Upon questioning as to who rented the van, the driver contacted Fultz. The Oklahoma State Highway Patrol trooper spoke over the phone with Fultz about the rental agreement.  During the traffic stop and while the rental information was being obtained, a narcotics detection K9 alerted on the rental van.  Pursuant to a valid search of the van, law enforcement located suspected narcotics bound for Fultz in Ohio.  At Fultz's direction, the driver had obtained the van in Amarillo, Texas and was driving it to Fultz in the Southern District of Ohio.
>
> The suspected narcotics were seized and submitted to the Oklahoma State Bureau of Investigation Forensic Science Center for testing.  Test results showed the items to be 845.37 grams of methamphetamine and 2,155.58 grams of fentanyl.

(Doc. No. 39 at PageID 89.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Fultz's criminal history.  Fultz's criminal history includes convictions for assault and domestic violence, conspiracy to distribute Oxycodone, and assault with a dangerous weapon. (PSR ¶¶ 62, 64, 70.)  The PSR also reported that Fultz did not suffer from any serious chronic medical conditions at the time of the offense. (PSR ¶¶ 93.)

At sentencing in this case, the Court imposed a 96-month term of incarceration, five years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 57.) Fultz is currently 35 years old and has an anticipated release date of August 30, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 8, 2022).)

On January 19, 2022, Fultz filed his Motion for Compassionate. (Doc. No. 66.) Counsel was assigned on January 25, 2022. (Doc. No. 67.) Fultz filed his supplemental motion on April 13, 2022 (Doc. No. 72) and the Government filed its response on May 6, 2022 (Doc. No. 74). Fultz did not file a reply. The matter is ripe for review and decision.

## II.  ANALYSIS

### A.  Legal Standards for Compassionate Release

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford

---

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

4

adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. <u>Application</u>

Fultz asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391) or, in the alternative, an order that he would serve an amount equal to the remaining term of imprisonment on home confinement. (Doc. No. 72 at PageID 285.) In response, the Government argues that Fultz has not established that he no longer poses a danger to the community. (Doc. No. 74 at PageID 305.) Moreover, the Government argues that gravity of Fultz's offense weighs heavily against his release. (*Id*. at PageID 306.)

### 1. <u>Request for Home Confinement</u>

Section 3582(c)(1)(A) allows the Court, in certain limited circumstances, to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i). Fultz states that he should be released to serve the remainder of his sentence on home confinement. (Doc. No. 72 at PageID 287.)

Fultz requests that the Court allow him to complete the rest of his sentence under home incarceration, which amounts to asking the Court to change the place where his sentence will be served (from FCI McDowell to his home), without reducing the term of his imprisonment. However, it is the BOP, not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the

defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). The Court has no ability to place Fultz on home confinement. Therefore, the request is denied.

## 2. <u>Section 3582 Considerations</u>

Fultz does not satisfy the Section 3582 requirements. Regarding step one, for the purposes of the Court's analysis, the Court will assume—without deciding—that Fultz has demonstrated that suffering from his stated medical ailments during the current COVID-19 pandemic presents an extraordinary and compelling reason for reducing the term of imprisonment (and that he is suffering from such ailments). Regarding step two, given that Fultz (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Fultz's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Fultz accepted responsibility for his actions and appears to have behaved himself while incarcerated.

However, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that, "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Fultz is currently incarcerated involved a large quantity of fentanyl. (Doc. No. 39 at PageID 89.) Fentanyl is a dangerous, and potentially lethal, controlled substance. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *See United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Additionally, Fultz's criminal history shows that the offense in this case was his second offense related to drug dealing and his fourth serious offense. (PSR ¶¶ 62, 64, 70.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C.

§ 3553(a)(2)(A)-(C).  Furthermore, Fultz still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").  Releasing Fultz with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense."  *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Having considered the parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that a reduction in the term of imprisonment is not warranted.  Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction.  *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III.  <u>CONCLUSION</u>

Although the Court is sympathetic to Fultz's arguments regarding the fear of contracting COVID-19, the Court finds he has not satisfied the Section 3582 requirements.  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 66).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 23, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE